UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-164

PAUL LITZ, PLAINTIFF

v. **OPINION AND ORDER**

JAMES ALCORN and PENNE ALLISON, DEFENDANTS

\* \* \* \* \* \* \*

This matter is before the Court on the Plaintiff's motion for leave to amend his Complaint (DE 15). For the following reasons, the motion will be granted.

The Plaintiff filed this action in Fayette Circuit Court naming as Defendants the University of Kentucky, James Alcorn and Penne Allison. The Plaintiff claimed he was employed by the University, that Alcorn was his supervisor, and that Allison was Alcorn's supervisor. He alleged that Alcorn threatened him. He further alleged that he complained to Allison about the threat but that Allison refused to transfer the Plaintiff to another department and, ultimately, fired him. In his Complaint, the Plaintiff asserted five claims against the Defendants. He labeled the first four claims retaliation, retaliation for asserting grievance, wrongful discharge, and intentional infliction of emotional distress. These all appeared to be asserted under state law. As to Count V, the Plaintiff asserted that the Defendants violated his right to due process in violation of 42 U.S.C. § 1983.

The judge in the state court action dismissed the University of Kentucky as a Defendant on the basis of sovereign immunity. The remaining Defendants then removed the action to this

Court asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

On April 9, 2012, the Magistrate Judge conducted a Status Conference in which he questioned this Court's jurisdiction over the action. (DE 12.) The Magistrate Judge noted that all parties agreed that the University had been dismissed from the action. The Magistrate Judge explained that the § 1983 claim – Count V – was the only federal claim in this action. He further explained that, as drafted, the claim could not be fairly interpreted to apply to the individual defendants. The Court granted the Plaintiff until May 15, 2012 to attempt to amend his Complaint in accordance with the Scheduling Order previously entered in this action. (DE 5.)

On June 28, 2012, the Plaintiff moved to amend his Complaint. In his Amended Complaint, the Plaintiff continues to assert claims against only Alcorn and Allison. He appears to continue to assert state law claims of wrongful discharge (Counts I and III) and IIED (Count IV). The Plaintiff also continues to assert a retaliation claim but clarifies that he asserts that he was retaliated against in violation of the First Amendment to the United States Constitution (Count II). The Court assumes that this claim is asserted under § 1983. The Plaintiff also continues to assert a due process claim under § 1983 (Count V) against only Defendant Allison.

The Defendants object to the motion to amend solely on the basis that it is untimely. The Plaintiff asserts that, during discovery, he discovered facts supporting his Amended Complaint. The Amended Complaint seems to assert essentially the same claims as the original complaint and would not appear to require additional discovery. Moreover, the Defendants have not asserted that they would suffer any prejudice if the amendment is permitted. Accordingly,

the Court hereby ORDERS that that the Plaintiff's Motion for Leave to File Amended Complaint (DE 15) is GRANTED and the Clerk of the Court SHALL FILE the tendered Amended Complaint in the record.

Dated this 6th day of November, 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge